UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARIEM HASAN, | ) | CASE NO. 1:16cv2311 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This action is before the Court on motion of defendant Citimortgage ("defendant" or "Citimortgage") to dismiss plaintiff's complaint (Doc. No. 1 ["Compl."]). (Doc. No. 4.) On October 26, 2016, *pro se* plaintiff Kariem Hasan ("plaintiff" or "Hasan") requested an additional thirty days to respond to the motion (Doc. No. 6). To date, however, no response has been filed. For the reasons that follow, defendant's motion to dismiss is granted.

**A. Background**

Plaintiff purchased property located at 33324 Overland Lane, Solon, Ohio 44139 (the "property") in 2009. He obtained a mortgage loan for $234,572.00, which was acquired by Citimortgage. On April 25, 2014, Citimortgage filed a foreclosure action in the Cuyahoga County Court of Common Pleas. *See Citimortgage, Inc. v. Hasan*, No. CV-14-825994 (Cuyahoga Cty Ct. Comm. Pl. filed Apr. 25, 2014). The state court entered judgment in favor of Citimortgage on June 22, 2015. Plaintiff appealed that decision to the Ohio Eighth District Court of Appeals on July 10, 2015. The appellate court upheld the judgment of foreclosure on April 14,

2016. The property has been set for sheriff's sale but has yet to be sold.[1]

In this case, plaintiff challenges the assignment of the mortgage and validity of the foreclosure action. According to plaintiff, Citimortgage owns mortgage, not the promissory note, as Citimortgage claimed in the foreclosure action. He asserts three causes of action. First, he asks the Court to quiet title in his name, free and clear of any encumbrances, including the mortgage and judgment in favor of Citimortgage. (Compl. ¶¶ 27-32.) Second, plaintiff claims Citimortgage violated 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA") by failing to disclose the assignment of the mortgage. (*Id*. ¶¶ 33-37.) Third, plaintiff asserts violations of the Fair Debt Collection Practices Act ("FDCPA"). (*Id*. ¶¶ 38-40.) Plaintiff asks this Court to award him title to the property in fee simple, forever barring Citimortgage from seeking title to or claiming an interest adverse to plaintiff's interest in the property. He further asks this Court to declare that: (1) plaintiff is the prevailing party; (2) the mortgage originator has no interest in the property; and (3) defendant violated the FDCPA. Finally, plaintiff seeks actual and statutory damages, costs, fees, and interest. (Compl. at 8-9.[2])

Defendant's motion to dismiss is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Citimortgage contends that the issues raised by plaintiff relative to the property were already the subject of a state foreclosure action in the Cuyahoga County Court of Common Pleas, Case No. CV-14-855884 Cuyahoga Cty. Ct. Comm. Pl. 2014), and the state

---

[1] The Court may take judicial notice of the docket of the foreclosure action in Cuyahoga County, Case No. CV-14-825884, to which plaintiff refers in his complaint. (Compl. ¶ 20.) *See Richey v. CitiMortgage, Inc.*, No. 1:13-CV-01452, 2013 WL 5966176, at *1 n.9 (N.D. Ohio Nov. 8, 2013) (citation omitted).The docket is available at: http://cpdocket.cp.cuyahogacounty.us/CV_CaseInformation_Docket.aspx?q=bgbpU5GbNWs9TTGWLHSgYw2.

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

court granted judgment in defendant's favor. Thus, defendant contends that this Court lacks subject matter jurisdiction over the case under the Rooker-Feldman doctrine, and that the action is barred by *res judicata.*

## B. Discussion

### 1. Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. Fed. R. Civ. P. 12(b)(1). "[W]here subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

A Rule 12(b)(1) motion may be premised on a facial attack or a factual attack. *See Abdelkhaleq v. Precision Door of Akron*, No. 5:07cv3585, 2008 WL 3980339, at *2 (N.D. Ohio Aug. 21, 2008). A facial attack "challenges the adequacy of the complaint[.]" *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other grounds* by *Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984)). A factual attack "contests the factual existence of subject matter jurisdiction[.]" *Id*. (citing *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio 1997)).

If the motion presents a facial attack, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994), *cert. denied,* 513 U.S. 868, 115 S. Ct. 188, 130 L. Ed. 2d 121 (1994) (citing *Scheuer*, 416 U.S. at 235-37). In contrast, if the motion presents a factual attack, then the Court is free to consider extrinsic evidence and may weigh the

evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness. *Id.*

### 2. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.,* 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied,* 498 U.S. 867, 111 S. Ct. 182, 112 L. Ed. 2d 145 (1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### 3. Analysis

*The Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine*

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the "negative inference" that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Kovacic v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). The doctrine, however, has a narrow application. The doctrine "does not bar federal jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). Rather, "the doctrine applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Id.* at 298-99 (citing *In re Cook,* 551 F.3d 542, 548 (6th Cir. 2009)).

To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). If the source of the plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*. In conducting this inquiry, the Court should consider the plaintiff's requested relief. *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011) ("The problem with the district court's analysis is that it determined the source of Evans's injury without reference to his request for relief.")

In this case, plaintiff claims that he is entitled to a judicial declaration quieting title in plaintiff as of the date of the loan, and requiring defendant to prove that it is the true party to whom the debt is owed to satisfy the mortgage. (Compl. ¶¶ 30, 32.) In his prayer, plaintiff seeks, among other things, a declaration from this Court that the "Mortgage Originator has no enforceable secured or unsecured claim against the property[.]" (Compl. at 8.) To grant this relief, the Court would have to reverse the decisions of the state courts. Thus, the Rooker-Feldman doctrine applies and this Court lacks jurisdiction to grant that relief.

### *Claims not barred by Rooker-Feldman are precluded by res judicata*

To the extent plaintiff is seeking monetary damages for violations of TILA or the FDCPA, he is not necessarily seeking appellate review of the state court judgment. Thus, the Rooker-Feldman doctrine is not implicated. That does not mean, however, this Court can now consider those claims. The doctrine of *res judicata* precludes plaintiff from relitigating issues and claims that were decided by the state courts, as well as issues and claims that could, and should, have been asserted in the state court action.

Federal courts must give the same preclusive effect to a state court judgment as that judgment would receive in the state courts. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330-31 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). If plaintiff would be precluded from filing this case in state court based on the case already decided by the Court of Common Pleas, he cannot file the action in federal court and bypass the state procedural bar. To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 56 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 899 N.E.2d 975, 981-82 (Ohio 2008). "Claim preclusion prevents subsequent actions by the same parties or their privies based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* (citation omitted). Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit[.]" *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007) (citation omitted). By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ. *Id.* (citation omitted).

Here, both the doctrine of claim preclusion and issue preclusion bar relitigation of the claims plaintiff asserts in this complaint. Plaintiff could have challenged the assignment of the mortgage in the foreclosure action, and raised his claims to quiet title and for alleged violations of TILA, in the Court of Common Pleas. That court necessarily determined that Citimortgage had a valid ownership interest in the mortgage when it granted a foreclosure judgment in favor of defendant. Thus, these claims are barred by the doctrine of *res judicata*.

With respect to plaintiff's FDCPA claim, that statute governs the conduct of debt collectors, and defines that term to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). To the extent that plaintiff claims that the foreclosure debt was not Citimortgage's debt to collect, the FDCPA claim is also barred by the doctrine of *res judicata*. Finally, FDCPA specifically excludes from the definition of a debt collector "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). To the extent that the debt is Citimortgage's to collect, a creditor collecting a debt in its name for itself is not a debt collector as defined by the statute and, therefore, plaintiff has failed to state a FDCPA claim.

**C. Conclusion**

For all the foregoing reasons, defendant's motion to dismiss (Doc. No. 4) is granted. Plaintiff's motion for additional time to respond to defendant's motion is moot, and denied as such. (Doc. No. 6.) Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED**.

Dated: January 5, 2017

                                                      **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**